DICKINSON WRIGHT PLLC
Justin J. Bustos
Nevada Bar No. 10320
Email: JBustos@dickinsonwright.com
Brooks T. Westergard
Nevada Bar No. 14300
Email: BWestergard@dickinsonwright.com
100 West Liberty Street, Suite 940
Reno, Nevada 89501-1991
Tel:    775-343-7500
Fax:   844-670-6009

*Attorneys for Plaintiff Upexi, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UPEXI, INC., a Nevada corporation,<br><br>            Plaintiff,<br><br>v.<br><br>DOES 1-100; ROE CORPORATIONS 1-100; AND XYZ LLCS 1-100,<br><br>            Defendant. | Case No.: 2:24-cv-02185-JCM-MDC<br><br>**EX PARTE MOTION FOR PROTECTIVE ORDER** |

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Upexi, Inc. ("Plaintiff" or "Upexi"), by and through its counsel of record, the law firm of Dickinson Wright PLLC, hereby moves for a protective order to facilitate the production of confidential, proprietary and/or private information produced by third-party broker-dealers by way of the discovery to determine the identity of the unknown defendants.

In accordance with LR IA 7-2, Plaintiff is seeking *ex parte* relief because the only defendants in this action have been fictitiously named, and service on such fictitiously-named defendants is impossible at this juncture. This motion is limited to seeking a protective order for the benefit of the third-party broker-dealers subject to the Court's prior discovery Order (ECF No. 7).



## INTRODUCTION

This Court allowed Upexi to serve subpoenas on third-party broker-dealers to identify the unknown defendants in this case. In response to the Subpoenas, several broker-dealers have requested a protective order prior to producing the information sought in the subpoena. The broker-dealers have generally indicated they believe the information requested consists of confidential personally identifying information and financial information. In order to eliminate the concerns of the broker-dealers regarding the production of information concerning the identities of traders of one-share of UPXI stock, Upexi respectfully requests the Court to enter a protective order. A proposed draft protective order is attached to this Motion as **Exhibit 2**.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 22, 2024, Upexi brought suit against Does and Roes who defrauded Upexi into issuing 202,183 shares of common stock without consideration following a reverse stock-split. (Compl., ECF No. 1). Upexi had to proceed against these unnamed defendants because the parties participating in the fraud scheme held their securities in "street name" and not as the beneficial owners of the shares. (Ex Parte Mot. at 2, ECF No. 5). Consequently, after filing its Complaint, Upexi filed an Ex Parte Motion to Conduct Limited Expedited Discovery to Determine the Identify of Unknown Defendants (ECF No. 5). (*Id.* at 1). This Court granted the Ex Parte Motion on January 15, 2024. (Order Granting Ex Parte Mot., ECF No. 7). In doing so, the Court allowed Upexi to issue eight subpoenas on the third-party broker-dealers seeking the largest number of round up shares. (*Id.* at 3).

Upexi ultimately issued and served seven of these subpoenas. (Bustos Decl. ¶ 3, **Exhibit 1**.) The broker-dealers that have responded objected to producing information in the absence of a protective order. *Id.* Accordingly, Upexi brings the instant motion for a protective order.

## LEGAL STANDARD

Rule 26 gives the Court broad discretion to issue orders for the protection of parties and witnesses in the discovery process. *See* Fed. R. Civ. P. 26(b), (c). Protective orders are warranted to protect confidential information of third party witnesses. Fed. R. Civ. P. 26(c)(1)(G); *Strike 3 Holdings, LLC v. Doe*, No. 23-CV-06049-PHK, 2024 WL 37210, at *6 (N.D. Cal. Jan. 3, 2024)

(issuing protective order to protect disclosure of private information produced via the third-party subpoena to aid in identifying unknown defendant).

## ARGUMENT

In light of the concerns raised by the broker-dealers, Upexi respectfully requests a protective order to permit broker-dealers to designate materials responsive to the subpoenas as confidential. The subpoenas served on the broker-dealers require production of personally identifiable information of the broker-dealers' clients, and Upexi agrees a protective order is warranted in this circumstance. *See Strike 3 Holdings, LLC*, 2024 WL 37210, at *6; *AF Holdings LLC v. Doe*, 2012 WL 2571092, at *4. The protective order sought by this ex parte motion is limited in scope to the current discovery sought from the broker-dealers to identify the defendants in this case. The protective order includes providing Upexi the ability to respond to requests, if any, from the Securities and Exchange Commission ("SEC") as the broker-dealers are registered with and regulated by the SEC and must comply with information and document requests from the SEC with or without compulsory process. To the extent a broader protective order may be needed later in the case, the parties can address this with the Court at the appropriate time.

## CONCLUSION

Based on the foregoing, Upexi respectfully requests that the Court grant this motion and enter the protective order attached as **Exhibit 2**.

DATED: February 18, 2025.

DICKINSON WRIGHT PLLC

By: /s/ Justin J. Bustos
Justin J. Bustos (Nevada Bar No. 10320)
Email:  JBustos@dickinsonwright.com
Brooks T. Westergard (Nevada Bar No. 14300)
Email:  BWestergard@dickinsonwright.com
100 West Liberty Street, Suite 940
Reno, Nevada  89501-1991
Tel:    775-343-7500

*Attorneys for Plaintiff Upexi, Inc.*



**EXHIBIT TABLE**

| Exhibit | Description | Pages[1] |
|---|---|---|
| 1 | Declaration of Justin J. Bustos in Support of Motion for Protective Order | 2 |
| 2 | Proposed Protective Order | 5 |

---

[1] Exhibit Page counts are exclusive of exhibit slip sheets.

