DICKINSON WRIGHT PLLC
Justin J. Bustos
Nevada Bar No. 10320
Email:  JBustos@dickinsonwright.com
Brooks T. Westergard
Nevada Bar No. 14300
Email:  BWestergard@dickinsonwright.com
100 West Liberty Street, Suite 940
Reno, Nevada 89501-1991
Tel:     775-343-7500
Fax:    844-670-6009

*Attorneys for Plaintiff Upexi, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UPEXI, INC., a Nevada corporation,<br><br>            Plaintiff,<br><br>v.<br><br>DOES 1-100; ROE CORPORATIONS 1-100; AND XYZ LLCS 1-100,<br><br>            Defendant. | Case No.: 2:24-cv-02185-JCM-MDC<br><br>**PROTECTIVE ORDER** |

Pursuant to Fed. R. Civ. P. 26(c), this Protective Order ("Order") is entered on Plaintiff Upexi, Inc.'s ("Plaintiff" or "Upexi") motion, and is entered to facilitate the production of confidential, proprietary and/or private information from the third-parties that have received Subpoenas as a result of the Court's Order Granting Ex Parte Motion to Conduct Limited Expedited Discovery to Determine the Identity of Unknown Defendants (ECF No. 7) in this action (the "Action").

**1.    SCOPE**

This Order applies to "Discovery Material" produced by way of the Subpoenas served on the third-parties ("Third-Parties," or in the singular form, "Third-Party") as a result of the Court's Order Granting Ex Parte Motion to Conduct Limited Expedited Discovery to Determine the Identity of Unknown Defendants. (ECF No. 7).



1

The term "Confidential Discovery Material" refers to any subpoenaed information that is designated or marked "Confidential" by the Third-Party and all information contained therein, and other information designated as "Confidential," if such documents, testimony or information fall within the scope of Rule 26(c) of the Federal Rules of Civil Procedure and contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the Third-Party's good faith judgment, be detrimental to the conduct of that Third-Party's business or the business of any of the Third-Party's customers or clients.

However, this Order does not apply to, and the following does not qualify as Confidential Discovery Material:

    a) An amended complaint that names any particular defendant, the amount of shares purchased, and dates of purchase using the information produced as a result of the Court's Order Granting Ex Parte Motion to Conduct Limited Expedited Discovery to Determine the Identity of Unknown Defendants; and

    b) Addresses of defendants named in any amended complaint used to effect service of process under the Federal Rules of Civil Procedure and applicable local rules.

**2.**     **DESIGNATING DISCOVERY MATERIAL**

Any Third-Party may designate as "Confidential" Discovery Material produced in response to the Subpoenas if the party believes in good faith it falls within the scope of Rule 26(c) of the Federal Rules of Civil Procedure and contains trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the Third-Party's good faith judgment, be detrimental to the conduct of that Third-Party's business or the business of any of the Third-Party's customers or clients.

The Third-Party designating Discovery Material as Confidential must mark every page it believes qualifies as Confidential Discovery Material as "CONFIDENTIAL."

**3.**     **ACCESS TO AND USE OF CONFIDENTIAL DISCOVERY MATERIAL**

    a) Any person subject to this Order who receives Discovery Material from any Third-Party that is designated as "Confidential" shall not disclose such Confidential Discovery Material except as expressly permitted herein.

b)  Confidential Information subject to this Agreement shall only be used in connection with the Action, or any related action brought by any party to the Action to enforce any order or judgment rendered in the Action.

c)  Confidential Discovery Material must be stored and maintained in a secure manner that ensures that access is limited to the persons authorized under this Order.

d)  Once Confidential Information is produced, it may be disclosed, summarized or otherwise communicated in whole or in part only to the following persons, who may make use of such information only in connection with an Action:

    i.  counsel who represent parties in the Action, and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Order;

    ii. experts or consultants assisting counsel for those parties;

    iii. potential or anticipated witnesses and their counsel;

    iv. the courts in the Action; and

    v.  court reporters employed in connection with the Action.

e)  If a party to this Action learns that it has disclosed Confidential Discovery Material to any person not authorized to receive such information by this Order, it must immediately: (i) notify in writing the applicable Third-Party of the unauthorized disclosure; (ii) use best efforts to retrieve or destroy all copies of the Confidential Discovery Material produced without authorization; (iii) inform the person(s) to whom unauthorized disclosure was made of the terms of this Order; and (iv) request that such person(s) either return or destroy the Confidential Discovery Material inadvertently disclosed to them.

**4.  CONFIDENTIAL DISCOVERY MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR FEDERAL INVESTIGATIONS**

a)  If a party or outside counsel of a party in this Action is served with a subpoena or a court order that seeks to compel disclosure of any information or items designated in this Action as "CONFIDENTIAL," or if the United States Securities and Exchange Commission

("SEC") requests by any means disclosure of any of any information or items designated in this Action as "CONFIDENTIAL," then that party or its outside counsel must:

    1.     promptly notify in writing the Third-Party that produced the information. Such notification shall include a copy of the subpoena, SEC request or court order;

    2.     promptly notify in writing the party who caused the subpoena, SEC request or order to issue in the other matter that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

    3.     cooperate with respect to all reasonable procedures sought to be pursued by the Third-Party whose Confidential Discovery Material may be affected.

**5.  FILING CONFIDENTIAL DISCOVERY MATERIAL**

Confidential Discovery Material filed with the Court, and portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court in accordance with Local Rule IA 10-5 and kept under seal until further order of the Court. However, an amended complaint and accompanying service of process that names any particular defendant, their amount of shares, dates of purchase, and identifies their address shall not be filed under seal.

The parties will use their best efforts to minimize such sealing. Any party may challenge such sealing in accordance with applicable law. Any motion regarding filing confidential information and motions to seal will comply with the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

///
///
///
///
///



**6.     IMMEDIATE AND CONTINUING EFFECT**

This Order shall become effective immediately upon its execution, and shall survive any settlement, discontinuance, dismissal, judgment or other disposition of the Action.

**ORDER**

IT IS SO ORDERED.

DATED: 2-21-25

_____
UNITED STATES MAGISTRATE JUDGE

4929-1223-4265 v1 [99998-3884]

