```
1  DICKINSON WRIGHT PLLC
   Justin J. Bustos
2  Nevada Bar No. 10320
   Email:  JBustos@dickinsonwright.com
3  Brooks T. Westergard
   Nevada Bar No. 14300
4  Email:  BWestergard@dickinsonwright.com
   100 West Liberty Street, Suite 940
5  Reno, Nevada 89501-1991
   Tel:    775-343-7500
6  Fax:    844-670-6009
```

*Attorneys for Plaintiff Upexi, Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UPEXI, INC., a Nevada corporation,<br><br>                                Plaintiff,<br><br>v.<br><br>DOES 1-100; ROE CORPORATIONS 1-100; AND XYZ LLCS 1-100,<br><br>                                Defendant. | Case No.: 2:24-cv-02185-JCM-MDC<br><br>**STATUS REPORT** |

Plaintiff Upexi, Inc. ("Plaintiff" or "Upexi"), by and through its counsel of record, the law firm of Dickinson Wright PLLC, files its Status Report in accordance with the Court's Order Granting Ex Parte Motion to Conduct Limited Expedited Discovery to Determine the Identity of Unknown Defendants (ECF No. 7).

    1.    On November 2, 2024, Plaintiff filed its Complaint, which alleges that unknown defendants engaged in a market manipulation scheme to defraud Upexi out of 202,183 shares of stock. (Compl., Summary, ECF No. 1).

    2.    The Complaint alleges the broker-dealers that executed the trades know the identities of the accounts making the fraudulent trades. *Id*.



3. The Complaint asserts two claims for relief against Does 1-100, Roe Corporations 1-100, and XYZ LLCs 1-100: (1) Violation of Section 10(b) of the Securities Exchange Act of 1934 (Market Manipulation); and (2) Declaratory Judgment.

4. On January 15, 2025, the Court entered an Order Granting Ex Parte Motion to Conduct Limited Expedited Discovery to Determine the Identity of Unknown Defendants (ECF No. 7). The Order granted Plaintiff leave to conduct limited discovery and serve subpoenas on eight broker-dealers: (1) Apex Clearing Corp. ("Apex"); (2) National Financial Services LLC ("NFS"); (3) Charles Schwab; (4) Robinhood Securities ("Robinhood"); (5) Bear Stearns; (6) Pershing LLC; (7) Morgan Stanley; and (8) Phillip Capital.

5. Following the Court's Order, Upexi issued and served subpoenas on seven (7) of the broker-dealers. Upexi did not issue or serve a Subpoena on Bear Stearns as the broker no longer exists. Upon information and belief, Bear Stearns was sold to JPMorgan in 2008 and it appears the accounts at issue are held at JPMorgan.

6. Initially, the broker-dealers that responded to the subpoenas objected to producing information without a protective order.

7. On February 18, 2025, Upexi filed an Ex Parte Motion for Protective Order (ECF No. 8) to facilitate the production of information by the broker-dealers.

8. On February 21, 2025, the Court entered a Protective Order (ECF No. 10).

9. Upexi has provided the Protective Order to Apex, NFS, Charles Schwab, Robinhood, Pershing LLC, and Morgan Stanley.

10. As of the date of this Status Report, the status of each Subpoena is as follows:

    a. <u>Apex</u> – Upexi and Apex have been working together in good faith. On March 3, 2025, Apex informed counsel it is still working on the contact information for the accounts it has identified.

    b. <u>NFS</u> – Upexi and NFS have been working together in good faith. On March 3, 2027, NFS indicated it has identified an issue and needed more time for its production.



    c. <u>Charles Schwab</u> – Upexi and Charles Schwab have been working together in good faith. On March 3, 2025, Charles Schwab indicated it needed more time for its production.

    d. <u>Robinhood</u> – On February 26, 2025, Robinhood produced documents Bates labeled LIT-16752_00000001-327, which it designated as CONFIDENTIAL.

    e. <u>Pershing</u> – On February 25, 2025, Pershing produced documents Bates labeled (BNY-000001 – CONFIDENTIAL).

    f. <u>Morgan Stanley</u> – Upexi and Morgan Stanley have been working together in good faith. Morgan Stanley requested an extension through Friday March 7, 2025. Upexi informed Morgan Stanley it would seek an extension from the Court.

    g. <u>Phillip Capital</u> – Upexi has not received any response from Phillip Capital. Phillip Capital was served with the Subpoena on January 22, 2025. The Subpoena included a return date of February 7, 2025. On February 17, 2025, Upexi wrote to Phillip Capital to request a meet and confer. To date, Phillip Capital has not provided any response to the Subpoena or to the February 17, 2025, letter.

11. Based on the foregoing, Upexi respectfully requests a fourteen (14) day extension through March 17, 2025, to complete the discovery authorized by the Court's Order (ECF No. 7). Upexi believes this extension will provide sufficient time to receive document productions from Apex, NFS, Charles Schwab, and Morgan Stanley.

12. Upexi further requests thirty (30) days from the close of expedited discovery (April 16, 2025) to analyze the data received, which involves thousands of accounts making trades of Upexi stock, and seek to amend its Complaint to name specific defendants. Good cause exists to extend the deadline to serve unknown defendants in light of Upexi's diligence in pursuing expedited discovery to identify unknown defendants. *See* Fed. R. Civ. P. 4(m); *see Cuebas v. Davila*, 618 F. Supp. 2d 124, 132 (D.P.R. 2009) ("Where unknown defendants exist, however,

3

courts must take into account a plaintiff's good faith investigation to determine if 'good cause' exists not to comply with Fed.R.Civ.Proc. 4(m).").

DATED: March 3, 2025.

DICKINSON WRIGHT PLLC

By: /s/ Justin J. Bustos
Justin J. Bustos (Nevada Bar No. 10320)
Email: JBustos@dickinsonwright.com
Brooks T. Westergard (Nevada Bar No. 14300)
Email: BWestergard@dickinsonwright.com
100 West Liberty Street, Suite 940
Reno, Nevada 89501-1991
Tel: 775-343-7500

*Attorneys for Plaintiff Upexi, Inc.*

IT IS SO ORDERED. The motion is granted.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Dated: 3-11-25



4